UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL, #378696,

        Plaintiff,

                                CASE NO. 05-CV-71495-DT
v.                                 HONORABLE LAWRENCE P. ZATKOFF

DAVID FENBY,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

The Court has before it Plaintiff Perry O. Mackall's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case was originally filed in the United States District Court for the Western District of Michigan, but transferred to this Court on the basis of venue. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff is a state prisoner currently confined at the Deerfield Correctional Facility in Ionia, Michigan. The actions giving rise to this complaint arose while Plaintiff was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant David Fenby is an inspector at that facility. In his complaint, Plaintiff alleges that Defendant Fenby failed to correct the placement of Plaintiff's home telephone number under a "high toll policy" which resulted in a restriction on his ability to call home. Plaintiff also alleges that Defendant Fenby failed to properly investigate a charge that he made against a corrections officer. Plaintiff seeks injunctive relief and

monetary damages.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

In this case, Plaintiff alleges that Defendant Fenby failed to investigate and/or take corrective action on two problems, one involving Plaintiff's telephone usage and one involving Plaintiff's grievance against a corrections officer. It is well-established that a civil rights plaintiff must allege

the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with respect to Defendant Fenby.  He fails to allege facts indicating that Fenby had any personal or direct involvement in Plaintiff's telephone number being placed on the "high toll policy" or in the unidentified incident underlying his grievance against the corrections officer.  The mere fact that Defendant Fenby allegedly failed to properly investigate or respond to Plaintiff's complaints and grievances is insufficient to state a claim for relief under § 1983.

Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional.  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (ruling that even gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense").  Plaintiff asserts that Defendant Fenby failed to properly investigate and/or respond to his complaints and grievances, but does not set forth any facts indicating that such conduct was intentional in the constitutional sense.  Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim.  *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).  Plaintiff's complaint is therefore subject to dismissal for failure to state a claim upon which relief may be granted.

3

Lastly, the Court notes that Plaintiff lists numerous other individuals as defendants in his pleadings, but does not make specific allegations against them in the body of his complaint. Plaintiff has instead filed separate complaints against those individuals in this Court and in the United States District Court for the Western District of Michigan. Accordingly, the Court concludes that Plaintiff has failed to state a claim against other defendants in this particular action, *see Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (some factual basis for § 1983 claims must be set forth in the pleadings), and dismisses the complaint as to the additional defendants listed by Plaintiff.

### III.  Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly,

**IT IS ORDERED** that Plaintiff's § 1983 complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 19, 2005.

    s/Marie E. Verlinde
    Case Manager
    (810) 984-3290